BESS M. BREWER, #100364
LAW OFFICE OF BESS M. BREWER
P.O. Box 5088
Sacramento, CA 95817
Telephone: (916) 385-7517
bess.m.brewer@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ALMA RAETZ<br>xxx-xx-7149<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN<br>ACTING COMMISSIONER OF SSA,<br>Defendant. | Case No.   14-120 EFB<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS (**$4,800.00**). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to

any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: January 4, 2016                  */s/Bess M. Brewer*  
                                          BESS M. BREWER  
                                        Attorney at Law  
                                        Attorney for Plaintiff

Dated: January 4, 2016                  Benjamin B. Wagner  
                                        United States Attorney  
                                        */s/ Patrick Snyder*  
                                        PATRICK SNYDER  
                                        Special Assistant United States Attorney  
                                        Attorneys for Defendant

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED that Plaintiff shall be awarded attorney fees in the amount of FOUR THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS **($4,800.00)**, as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation. Further, defendant's request for an extension of time to respond to plaintiff's motion for attorney's fees (ECF No. 25) is denied as moot.

DATED:   January 5, 2016.

_____
HONORABLE EDMUND F. BRENNAN
U.S. MAGISTRATE JUDGE